UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA

**CATHERINE BERNARD**  **CIVIL ACTION NO.:**
**Plaintiff**

**-VS-**  **JUDGE:**

**AMEDISYS HOLDING, L.L.C.**
**Defendant**

## VERIFIED COMPLAINT

NOW INTO COURT through undersigned counsel comes Plaintiff, Catherine Bernard ("Plaintiff"), and files this complaint against Defendant, Amedisys (hereinafter "Amedisys" or "Defendant") for violations of the Fair Labor Standards Act for failing to pay the Plaintiff's overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff additionally asserts claims for damages for 90 days penalty wages pursuant to LSA-R.S. § 23: 631, et seq.  Plaintiff states the following as her claim against Defendant:

### JURISDITION

1. This action arises under the FLSA, 29 U.S.C. § 201 *et seq.* The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article

III of the United States Constitution. Plaintiff's state law claim shares all common operative facts with the federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## VENUE

3.  Venue is proper in the United States District Court, Western District of Louisiana pursuant to 28 U.S. C.§ 1391, because the Defendant's principal place of business is in this District and the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.  At all times material hereto, Plaintiff was, and continues to be an adult resident of Lafayette, Louisiana.

5.  At all times material hereto, Plaintiff was employed as a Occupational Therapist and was an "employee" of Defendant Amedisys within the meaning of FLSA.

6.  Plaintiff was an employee of Defendant from February 6, 2007 through September 6, 2017, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

7.  At all times material hereto, Defendant Amedisys Holding, L.L.C. (hereinafter "Amedisys" or "Defendant") was, and continues to be, a Louisiana Limited Liability Company. Amedisys's principle place of business is located at 3854 American Way, Suite A, Baton Rouge, LA. and 4021 Ambassador Caffery Parkway, Suite 101, Lafayette, Louisiana 70503.

8.  At all times material hereto, Defendant Amedisys was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(g).

9. At all times material hereto, Defendant is, and remains, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

11. At all relevant times, Defendant is, and has been, an "employer" within the meaning of LSA-R.S. § 23: 631.

12. The Defendant employed the Plaintiff within the meaning of FLSA, 29 U.S.C. § 203.

## **FACTUAL ALLEGATIONS**

13. All previous paragraphs are incorporated by reference herein.

14. Plaintiff was hired by Defendant Amedisys on February 6, 2007 and worked until she was terminated by Defendant on September 6, 2017.

15. Plaintiff worked for Defendant as an Occupational Therapist.

16. Upon information and belief, in the last three years, Defendant paid Plaintiff working in Louisiana on a combined "per visit" and hourly basis.

17. Plaintiff is an hourly employee and regularly works forty (40) hours per week and overtime hours.

18. From March 28, 2016 through September 6, 2017, Amedisys permitted and suffered Plaintiff to work hours in excess of forty (40) hours per week without pay.

19. In 2017, Plaintiff complained and requested guidance from her supervisor relative to the calculation of overtime.

20. In 2017, Plaintiff also requested her unused vacation leave.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

21. All previous paragraphs are incorporated as though fully set forth herein.

22. At all relevant times, the Defendant employed Plaintiff within the meaning of the FLSA.

23. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. §207.

24. During all relevant times to this action, Defendant was an "employer" of Plaintiff within the meaning of FLSA. 29 U.S.C. §203(d).

25. During all relevant times, Plaintiff was an "employee" within the meaning of FLSA. 29 U.S.C. §203(e).

26. Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours a workweek without overtime compensation.

27. At all times material hereto, Defendant failed to maintain proper time records as mandated by FLSA.

28. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

29. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not the statutory violation exist.

30. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Defendant. If these records are

unavailable, Plaintiff may establish the hours worked solely by her testimony and the burden of overcoming such testimony shifts to the employer.

31. Defendant is aware of federal wage and hour laws, as evidence by the fact that Defendant provided overtime pay to employees previously.

32. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of their actions.

33. Accordingly, the Defendant's actions were not in good faith and were willful and the Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

34. Defendant acted neither in good-faith effort nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

35. Defendant knew Plaintiff worked overtime without proper compensation and willfully failed and refused to pay Plaintiff wages at the required overtime rate.

36. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

37. As a direct and proximate result of Defendant's intentional, willful, and unlawful acts, Plaintiff suffered wage loss for time worked over 40 hours per week and a promise of an increased hourly rate and is therefore entitled to recover unpaid overtime wages and liquidated damages.

38. Plaintiff is also entitled to prejudgment interest, attorneys' fees and costs, and other legal and equitable relief as the Court deems just and proper pursuant to section 16(b) of the FLSA codified at 29 U.S.C. §216(b).

## COUNT II:  FLSA RETALIATION

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA expressly prohibits an employer from "discharge[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

41. Defendant's termination of Plaintiff soon after her inquiry regarding unpaid overtime constitutes retaliation in violation of 29 U.S.C. § 215(a)(3).

42. Plaintiff is therefore entitled to all damages due and owing to her under the law.

## COUNT III:  VIOLATION OF  LSA-R.S. § 23:631

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Louisiana Revised Statute § 23:631 mandates that an employer pay all employees their full and final wages on the earlier of their next regular pay date or within fifteen days of their termination or resignation. LSA-R.S. § 23:631.

45. Defendant, through its actions of failing to pay Plaintiff for each and every hour that she worked and for her unused vacation leave within the time period stipulated by LSA-R.S. § 23:631, has violated LSA-R.S. § 23:631.

46. As a result of Defendant's unlawful actions, Plaintiff is entitled to payment of her wages in full and penalty wages for each day up to 90 days after the filing of this suit that Defendant failed to pay her wages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Catherine Bernard prays for relief as follows:

    a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

    b. That the Court finds that the Defendant's violations of the FLSA were and are willful and in bad faith;

    c. An amount equal to Plaintiff's damages as liquidated damages;

    d. That Defendant's retaliation against Plaintiff due to her actions of requesting to be paid in accordance with FLSA is in violation of the anti-retaliation provisions of the FLSA;

    e. That the Court finds that the Defendant's violations of LSA-R.S.§ 23:631 were in bad faith;

    f. Award Plaintiff 90-day Penalty wages pursuant to LSA-R.S. §23: 632 from the failure to pay overtime wages;

    g. Awarding Plaintiff attorneys 'fees and costs as set forth in LSA-R.S. §23: 632;

    h. All costs and attorneys' fees and costs incurred prosecuting this claim;

    i. An award of any pre- and post-judgment interest from the date of demand;

    j. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

                              BOWERS LAW FIRM, LLC

                              *s/ Monica V. Bowers*
                              MONICA V. BOWERS (#28317)
                              vbowers@bowerslawfirmla.com

        1200 Camellia Blvd., Suite 205
        Lafayette, LA 70508
        Ph: (337)406-9615
        Fax: (337) 406-9615
        Counsel for Plaintiff, Catherine Bernard

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 5th day of February, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        *s/ Monica V. Bowers*_____